# EXHIBIT A

#1

## COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT

**BRISTOL, ss**

KIMBERLY A. KAISER )
)
*Plaintiff* )
)
vs. )
)
SELECT PORTFOLIO SERVICING and )
U.S. BANK NATIONAL ASSOCIATION, AS )
TRUSTEE FOR CERTIFICATEHOLDERS OF )
BEAR STEARNS ASSET BACKED )
CERTIFICATES, SERIES 2007-AC1 )
)
*Defendants.* )
)

C.A. NO. 2273CV00150B
COMPLAINT
JURY TRIAL DEMANDED

BRISTOL. SS SUPERIOR COURT
FILED

FEB 2 2 2022

MARC J SANTOS, ESQ.
CLERK/MAGISTRATE

## INTRODUCTION

1. The Plaintiff, Kimberly A. Kaiser, brings this action as described in the paragraphs set forth herein. This complaint alleges that Defendants, Select Portfolio Servicing and/or U.S. Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset backed Securities I LLC, Asset Backed Certificates, Series 2007-AC1 (U.S. Bank), breached of the terms of the subject mortgage noted herein, given by Plaintiff as secured by their real property located at 157 Fisher Street, North Attleboro, MA. The Defendants breached the mortgage contract in violation of Mass Gen Laws Ch. 244 § 14 by failing to send a proper default notice in accordance with Paragraph 22 of the mortgage contract. Plaintiff further alleges that any default/right to cure notice purported to be sent by Defendant SPS is invalid and resulted in a void foreclosure sale on Fenruary 22, 2022 for violating M.G.L. Ch 244 Section 14. Defendants' breach resulted in a void default notice pursuant to the terms to the mortgage (paragraph 22), a void foreclosure notice, void foreclosure auction pursuant to said mortgage, a void foreclosure sale and a void foreclosure deed.

2.     The Plaintiff prays that this Honorable Court find that the Defendants breached the terms of the mortgage by failing to send a proper default/acceleration notice and further find that any said default notice purporting to be sent is invalid and void.  In addition, Plaintiff asks that this Court find that the foreclosure sale conducted on February 22, 2022 by the Defendants and foreclosure deed granted subsequent to the invalid default notice be declared null and void regardless of whether or not said invalid foreclosure deed was recorded.   Plaintiff asks that this Honorable Court declare that any such default notice purporting to have been sent to the Plaintiff pursuant to Paragraph 22 of the Plaintiff's mortgage as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made to the Plaintiff subsequent to such void default notice be null and void, enjoin the Defendants from conducting any foreclosure auction or conveyance of the subject property and declare any foreclosure deed for said Plaintiff null and void.  Plaintiff also seeks declaratory relief, injunctive relief, actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendants' wrongful acts.

## **JURISDICTION AND VENUE**

5.     This Honorable Court has subject matter jurisdiction as the subject property at issue is located at 157 Fisher Street, North Attleboro, MA 02703, the Plaintiff resides at said subject property, and Defendant conducted all of the acts alleged herein in the State of Massachusetts.

6.     Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Massachusetts.

2

**PARTIES**

7.   Plaintiff Kimberly A. Kaiser is a citizen of Massachusetts and the owner of the subject property located at 157 Fisher Street, North Attleboro, MA 02703.

8.   Defendant, Select Portfolio Servicing is a residential mortgage servicing company, located at 3217 South Decker Lake Drive, Salt Lake City, UT 84119.   Plaintiff hereby challenges the validity all erroneous and potentially deceptive and misleading default/ right to cure notices sent by SPS as described in this Complaint and all resulting foreclosures initiated and conducted subsequent to such notices.

9.   Defendant, U.S. Bank, National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I, LLC, Asset Backed Certificates, Series 2007-AC1 is the purported mortgagee on the Plaintiff's property.   U.S. BANK is located at 425 Walnut Street, Cincinnati, OH 45202.

10.   At all times herein mentioned, Defendants, SPS and U.S. BANK both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

11.   Defendants, SPS and U.S. BANK had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

**ALLEGATIONS OF THE PLAINTIFF**

12.   Plaintiff, Kimberly A. Kaiser, resides at and claims to be the owner of real property located 157 Fisher Street, North Attleboro, MA, which is the subject property as referenced herein.

13.     On April 3, 2006, the subject property was granted to Plaintiff Kaiser. The Deed evidencing

transfer of the ownership of the subject property was recorded in the Bristol North Registry of Deeds

in Book 15750 at Page 336.

14.     On September 1, 2006, Plaintiff Kaiser granted a Mortgage, secured by the subject

property, in the amount of $290,500.00, which was recorded in the Bristol North Registry of Deeds

in Book 16179 at Page 100 on September 7, 2006. (the Kaiser Mortgage) The Mortgage identified

MERS as the mortgagee and First Magnus Financial corporation as the Lender.

15.     The Kaiser Mortgage states at paragraph 22 as follows;

> "22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument…The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its option may
> require immediate payment in full of all sums secured by this Security Instrument
> without further demand and may invoke THE STATUTORY POWER OF SALE and
> any other remedies permitted by Applicable Law. Lender shall be entitled to collect
> all expenses incurred in pursuing the remedies provided in this Section 22,
> including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it."

16.     On April 23, 2012, the Kaiser mortgage was assigned from MERS to Defendant U.S. Bank. Said

assignment was recorded in the Bristol North Registry of Deeds in Book 20143 at Page 179 on May 9,

2012.

4

17.     On or about January 8, 2016, Defendant, SPS, allegedly sent to Plaintiff Kaiser a form default/ right to cure Notice purporting to comply with M.G.L. c. 244 §35A and Paragraph 22 of the Kaiser Mortgage.  The Notice fails to inform the Plaintiff of her "right to bring a court action".

18.     Also on or about January 8, 2016, Defendant SPS, allegedly sent to Plaintiff Kaiser an "Untitled Letter" that does not include a heading.  The "right to bring a court action" language appears on page 3 of the letter.

19.     The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

20.     "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure notice".  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

21.     "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice.  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

22.     Plaintiff alleges that the purported Default/ Right to Cure Notice and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the Mortgage.  Therefore, the Defendants' notice are in breach of the strict compliance standard of the mortgage and a violation

of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

23.     Plaintiff alleges that the notice sent purporting to state compliance with paragraph 22 of the Kaiser Mortgage and the notice sent to the Plaintiff failed to strictly comply with paragraph 22 of the mortgage.

24.     As such, the Defendants failed to provide the Plaintiff proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

25.     On February 22, 2022 the Defendants conducted a void foreclosure sale on the Plaintiff's property and sold the property to a third party for $332,000.00

## COUNT I
## DECLARATORY JUDGMENT

26.     Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated herein.

27.     Plaintiff alleges that the notice sent purporting to state compliance with paragraph 22 of the Mortgage failed to strictly comply with the mortgage because the Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice.

28.     Plaintiff alleges that the notice sent purporting to state compliance with paragraph 22 of the Mortgage were structured so that the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

29.     As such, the Defendants failed to provide the Plaintiff strictly compliant Notice of Default/ Right to Cure and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any default or right to cure notice, as well as any acceleration, any foreclosure notice, any foreclosure auction, and any foreclosure deed made subsequent to said void default/ right to cure notice void.

30.     Plaintiff asks that this Honorable Court declare that any such default/ right to cure notice sent to the Plaintiff by SPS as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said properties of the Plaintiff subsequent to such void default notice be null and void, declare that any foreclosure auction conducted subsequent to such void default notice be null and void, declare that any foreclosure deed granted subsequent to such void default notice be null and void, and enjoin the Defendant from conducting any foreclosure auction or conveyance of the subject properties.

31.     The Plaintiff is entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sale of the subject property are all void.

32.     The Plaintiff is entitled to a declaratory judgment determining that the foreclosure sale conducted on the Property on February 22, 2022 is sale void.

33.     The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and interest in his property.

34.     The Plaintiff is entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

35.     The Plaintiff is entitled to be returned to his status and circumstances prior to the wrongful foreclosure and sale.

36.     The Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
## MORTGAGE POWER OF SALE

37.     Plaintiff repeats and reincorporates by reference all paragraphs above as if fully articulated herein.

38.     Massachusetts permits non-judicial foreclosure under the statutory power of sale contained at G. L. c. 183, § 21, so long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with. The statute states:

> Section 21. The following "power" shall be known as the "Statutory power of Sale", and may be incorporated in any mortgage by reference:
> (POWER)
> But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, **first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgage by the exercise of a power of sale**, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.

> (Emphasis added).

39.     As emphasized above, the foreclosure by power of sale requires that a foreclosing bank must "comply [] with the terms of the mortgage…" G.L. c. 183, § 21.

8

40.     If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is void. U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 428 (2014) ("Failure to comply strictly with the power of sale renders the foreclosure void.").

41.     The mortgage given by Plaintiff, secured by the subject property states at 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

42.     On or about January 8, 2016, Defendant, SPS, allegedly sent to Plaintiff Kaiser a form default/ right to cure Notice purporting to comply with M.G.L. c. 244 §35A and Paragraph 22 of the Kaiser Mortgage. The Notice fails to inform the Plaintiff of her "right to bring a court action".

43.     Also on or about January 8, 2016, Defendant SPS, allegedly sent to Plaintiff Kaiser an "Untitled Letter" that does not include a heading. The "right to bring a court action" language appears on page 3 of the letter.

44.    The Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice because the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

45.    "Concepts of strict compliance and fairness require that the supplemental letter be structured so that a mortgagor of average intellect would recognize and understand that important information about their mortgage default is being provided that is a part of the default/right to cure notice". See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

46.    "The Letter, reasonably construed, does not contain any language that would allow a mortgagor of average intellect to understand that the "right to bring a court action" language was intended to be read as a provision" of the paragraph 22 default/right to cure notice.  See Towd Point Mortgage Trust et. al. v. Cruz, 8 W.Div.H.Ct. 116, (J. Winik Mar. 11, 2021, Ca# 19H79SP005472).

47.    Plaintiff alleges that the purported Default/ Right to Cure Notice and separately Untitled Letter sent by SPS failed to strictly comply with Paragraph 22 of the Mortgage.  Therefore, the Defendants' notice are in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. c. 183 § 21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

48.    Plaintiff alleges that the notice sent purporting to state compliance with paragraph 22 of the Kaiser Mortgage and the notice sent to the Plaintiff failed to strictly comply with paragraph 22 of the mortgage.

49.     As such, the Defendants failed to provide the Plaintiff proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

50.     Plaintiff alleges that the notice sent purporting to state compliance with paragraph 22 of the Mortgage failed to strictly comply with the mortgage because the Right to Cure Notice and separate and subsequent Untitled Letter can not be read to constitute one "hybrid" right to cure/paragraph 22 default notice.

51.     Plaintiff alleges that the notice sent purporting to state compliance with paragraph 22 of the Mortgage were structured so that the appearance, organization and wording of the Untitled Letter is potentially deceptive and fails to strictly comply with Paragraph 22.

52.     As such, the Defendants failed to provide the Plaintiff a strictly compliant Notice of Default/ Right to Cure and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any default or right to cure notice, as well as any acceleration, any foreclosure notice, any foreclosure auction, and any foreclosure deed made subsequent to said void default/ right to cure notice void.

53.     Plaintiff asks that this Honorable Court declare that any such default/ right to cure notice sent to the Plaintiff by SPS as described in this complaint be null and void, declare that any notice of mortgagee's foreclosure sale made on said property of the Plaintiff subsequent to such void default notice be null and void, declare that any foreclosure auction conducted subsequent to such void default notice be null and void, declare that any foreclosure deed granted subsequent to such void default notice be null and void, and enjoin the Defendant from conducting any foreclosure auction or conveyance of the subject properties.

54.     The Plaintiff is entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sale of the subject property are all void.

55.     The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and interest in their property.

56.     The Plaintiff is entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

57.     The Plaintiff is entitled to be returned to their status and circumstances prior to the wrongful foreclosures and sale.

58.     The Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

59.     The Defendants' failure to comply with the terms of the mortgage is in violation of G. L. c. 183, § 21. The foreclosures are therefore void. U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, § 21, must be strictly adhered to"); See also Paiva v. Bank of New York Mellon, USDC Mass. 14-1453, August 11, 2015 (Burroughs, A.) ("Because the Court finds that Countrywide's notice ... did not strictly comply with the requirements of paragraph [22] of the mortgage, the foreclosure sale is void.").

60.     The Plaintiff is entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sale of the subject property are all void.

61.    The Plaintiff is entitled to a declaratory judgment determining that the accelerations of all sums due under the notes, the attempted foreclosures, and the attempted mortgagee's foreclosure sale of the subject property are all void.

62.    The Plaintiff is entitled to an injunction preventing the transfer of the right, title, and interest in their property.

63.    The Plaintiff is entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

64.    The Plaintiff is entitled to be returned to their status and circumstances prior to the wrongful foreclosures and sale.

65.    The Plaintiff is entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: February 22, 2022

                                    Respectfully Submitted, Plaintiff,
                                    By her Attorney,
                                    Todd S. Dion, Esq.

                                     /s/ Todd S. Dion
                                    Todd S. Dion, Esq. (659109)
                                    15 Cottage Avenue, Ste 202
                                    Quincy, MA 02169
                                    401-965-4131 Cell
                                    401-270-2202 Fax
                                    toddsdion@msn.com